UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE KOEGEL,<br><br>        Plaintiff,<br><br>    v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>        Defendant. | No. 2:14-CV-00256-TLN-EFB<br><br>**ORDER** |

This matter is before the court pursuant to Defendant Government Employees Insurance Company's ("Defendant") Motion for Judgment on the Pleadings. (ECF No. 33.) Plaintiff Joanne Koegel ("Plaintiff") opposes Defendant's motion. (ECF No. 35.) Plaintiff has replied. (ECF No. 36.) The Court has carefully considered the arguments raised by the parties. For the reasons set forth below, Defendants' Motion for Judgment on the Pleadings is hereby DENIED.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff was injured in a traffic accident in February 2010 with an underinsured motorist. (ECF No. 1 ¶ 10.) In December 2010, the third party insurer tendered payment to Plaintiff to the extent of its policy limits. (ECF No. 1 ¶ 10.) Plaintiff had an insurance policy with Defendant which included underinsured motorist coverage. (ECF No. 1 ¶ 7.) Plaintiff timely notified Defendant of her claim for the uncovered expenses. (ECF No. 1 ¶ 11.)

During negotiations, Defendant offered to settle for $50,000, then $100,000, and finally $180,000, which Plaintiff declined. (ECF No. 1 ¶¶ 13, 14, 15.) In May 2013, an arbitration panel awarded Plaintiff $353,808.91, later increased to $354,779.61. (ECF No. 1 ¶¶ 16, 17.) Defendant completed payment in full to Plaintiff in August 2013. (ECF No. 1 ¶¶ 18, 19.)

On January 27, 2014, Plaintiff filed suit asserting bad faith breach of implied covenant of good faith and fair dealing. (ECF No. 1 ¶¶ 24–30.) An August 26, 2014, pretrial scheduling order provided a dispositive motions deadline of October 22, 2015. (ECF No. 8 at 4.) On July 7, 2015, the Court extended several deadlines, re-setting the dispositive motion deadline to January 14, 2016, and the jury trial to June 6, 2016. (ECF No. 15.) The dates for the final pretrial conference and jury trial moved twice more, with the final pretrial conference now set for July 27, 2017, and the jury trial set to begin on August 28, 2017, but the dispositive motions deadline remained January 14, 2016. (ECF Nos. 23, 25, 29.)

## II.  STANDARD OF LAW

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed — but early enough not to delay trial." Fed. R. Civ. P. 12(c); *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005). A motion under Rule 12(c) is "functionally identical" to a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). "The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing." *Id*.

After a district court issues a scheduling order pursuant to Federal Rule of Civil Procedure 16, "[the] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. Pro. 16(b)(4). A court determines good cause primarily by considering the diligence of the movant. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). "[T]he existence or degree of prejudice to the [non-movant] might supply additional reasons to deny a motion, [but] the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id*. (citation omitted) (affirming the district court's decision to deny the plaintiff leave to amend to join a necessary party four months after the deadline when the plaintiff had the information needed by the deadline but did not amend).

2

**III.  ANALYSIS**

Defendant filed its motion for judgment on the pleadings as to the portion of Plaintiff's claim regarding "payment of Medical Payment benefits," on June 27, 2017, almost one and one-half years after the amended dispositive motions deadline. (ECF No. 33-1 at 1–2.) Plaintiff objects the motion is an untimely dispositive motion. (ECF No. 35 at 6.)  The Court agrees that Defendant has not shown good cause to modify the pretrial scheduling order or for its delay in filing its motion.  Both parties make arguments regarding the merits of Defendant's motion, but the Court need not address these as it is able to decide the motion on the issue of timeliness.

A motion for judgment on the pleadings is a dispositive motion. *E. & J. Gallo Winery v. Andina Licores S.A.*, 440 F. Supp. 2d 1115, 1125 (E.D. Cal. 2006).  The Court's August 26, 2014, pretrial scheduling order was clear about the Court's expectations regarding dispositive motions:

> VI. MOTION HEARING SCHEDULE
> All dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be heard <u>no later than</u> **October 22, 2015**.
>
> All purely legal issues are to be resolved by timely pretrial motions.
> ….
> The parties are reminded that a motion in limine is a pretrial procedural device designed to address the admissibility of evidence.  The Court will look with disfavor upon dispositional motions presented in the guise of motions in limine.
>
> The parties are cautioned that failure to raise a dispositive legal issue that could have been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off date may constitute waiver of such issue.
> ….
> XIII. MODIFICATION OF PRETRIAL SCHEDULING ORDER
> The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Pretrial Scheduling Order shall not be modified except by leave of court upon a showing of **good cause**.  Agreement by the parties pursuant to stipulation alone to modify the Pretrial Scheduling Order does not constitute good cause.  Except in extraordinary circumstances, unavailability of witnesses or counsel will not constitute good cause.

(ECF No. 8 at 4–5, 11) (emphasis original).  The Court moved the dispositive motions deadline only once, to January 14, 2016.  (ECF No. 15.)

1         Defendant argues the drafters of the Federal Rules of Civil Procedure did not include
2  qualifying language in Rule 12(c) making it "subject to the pre-trial order under FRCP Rule 16."
3  (ECF No. 36 at 3–4.)  Defendant cites *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119 (6th
4  Cir. 1990), which does not support its position.  (ECF No. 36 at 3.)  The defendant in *General*
5  *Electric* filed a motion in limine to exclude privileged statements made in anticipation of
6  litigation.  *Id*. at 1129–31.  The district court concluded the exclusion would be so devastating to
7  the plaintiff's case "that granting the motion would amount to a judgment on the pleadings."  *Id*.
8  at 1131.  The Sixth Circuit found the law was unclear as to whether privilege was an affirmative
9  defense, which would require leave to amend, or an evidentiary matter, which could be addressed
10 by the defendant's motion in limine, and reversed on that basis.  *Id*. at 1130–31.
11        The Sixth Circuit noted the plaintiff "dramatically changed the nature of [the] suit" to
12 plead injurious falsehood more than three years after it filed its claim.  *Gen. Elec. Co.*, 916 F.2d at
13 1131 n.5.  The defendant filed its motion in limine several months later to exclude privileged
14 statements that supported the plaintiff's new theory.  *Id*.  The court found no prejudice to the
15 plaintiff which had so dramatically altered the suit.  *Id*. at 1131.
16        Plaintiff has never amended its January 2014 complaint.  Defendant's motion is based on
17 a pleading filed three and one-half years ago.  "The district court may modify the pretrial
18 schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"
19 *Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 advisory committee's notes (1983
20 amendment)).  Defendant never moved to modify the scheduling order nor offered a reason why
21 it could not have filed this motion in January 2016.  Defendant has failed to show good cause for
22 its late motion or for modifying the scheduling.  Accordingly, the Court DENIES Defendant's
23 motion.
24 ///
25 ///
26 ///
27 ///
28 ///

4

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion for Judgment on the Pleadings (ECF No. 33) is hereby DENIED.

IT IS SO ORDERED.

Dated: July 24, 2017

Troy L. Nunley
United States District Judge